RENDERED: JULY 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1449-MR

PHOEBE CRUM                                           APPELLANT


|     | APPEAL FROM MADISON CIRCUIT COURT |
| --- | --- |
| v.  | HONORABLE KIMBERLY BLAIR WALSON, JUDGE |
|     | ACTION NO. 16-CI-50536 |


BENJAMIN CRUM                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: In this dissolution of marriage proceeding, Phoebe Crum ("Appellant") appeals from an order of the Madison Circuit Court finding that she agreed with Benjamin Crum ("Appellee") to divide the cost of a vehicle for the use of the parties' children including reasonable maintenance expenses. Appellant argues that the circuit court abused its discretion in ordering the parties to divide the cost of the vehicle, as the decision is not supported by evidence of record. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

The parties were married on April 13, 2002, and divorced by way of a decree of dissolution entered on September 25, 2017.  Shortly before the decree was entered, the parties entered into a Settlement Agreement ("the Agreement") which resolved various custody, support, and property issues.  The Agreement was incorporated into the decree.  The marriage produced two children.

On March 15, 2021, the parties entered into an agreed order on timesharing, support, and the children's expenses.  The agreed order was read into the record at a case management conference on that date, and subsequently filed into the record on May 12, 2021.  It stated at Paragraph 10,

> [t]hat the parties shall equally divide the reasonable cost of the automobile insurance premium for the minor child, [Son's[1]] Lexus ES 350 after such time as he has obtained his intermediate license.  The parties shall also equally divide the reasonable cost of the automobile insurance premium for their minor child, [Daughter], at such time as she obtains her intermediate license.  This is limited to the coverage of the children's portion of the automobile insurance coverage.

Sometime thereafter, Son wrecked the Lexus automobile and Appellee purchased a replacement vehicle for him.  On June 9, 2022, Appellee filed a motion for contempt, in which he sought reimbursement from Appellant for one-half of the cost of the replacement vehicle.  The motion was heard on July 11,

---

[1] We will redact the children's names because they are minors.

2022, at which time the court reviewed the video record from the March 15, 2021 case management conference to determine if an agreement had been reached as to the costs of the children's vehicle. After reviewing the March 15, 2021 video, the court determined that the parties had agreed to split the cost of the children's vehicle. Appellant would later assert that she never agreed to split the cost of the vehicle, either orally or memorialized in writing.

An additional hearing was conducted on August 22, 2022, after which the court made a docket entry that the parties had agreed to split the cost of Son's vehicle and should discuss a vehicle for Daughter. On November 29, 2022, the circuit court entered an order finding that the parties had agreed to divide the cost of a vehicle for the children, including maintenance and damage repair if any. This appeal followed.

## STANDARD OF REVIEW

In a dissolution of marriage proceeding, the terms of a settlement agreement are enforceable as contract terms. Kentucky Revised Statutes ("KRS") 403.180(5). "The construction and interpretation of a contract is a matter of law and is reviewed under the *de novo* standard. Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence." *Cagata v. Cagata*, 475 S.W.3d 49, 56 (Ky. App. 2015), *review denied* (Dec. 10, 2015) (internal quotation marks and citations

omitted). When a contract is not ambiguous, a court will interpret its terms "by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 106 (Ky. 2003) (footnote and citation omitted).

As to the agreed order, we review the trial court's findings of fact pursuant to Kentucky Rules of Civil Procedure ("CR") 52.01, and will not disturb those findings unless clearly erroneous. *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998). Findings of fact are not clearly erroneous if supported by substantial evidence. *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). Substantial evidence is that evidence which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the minds of reasonable people. *Id.*

## ARGUMENTS AND ANALYSIS

Appellant argues that the Madison Circuit Court erred in finding that she agreed to divide with Appellee the cost of a vehicle for the children, including maintenance and repairs. She asserts that this finding is not supported by the record; therefore, it constitutes an abuse of discretion. Appellant contends that the circuit court made an unsupported oral finding that she agreed to divide the cost of a vehicle, but that Appellant never assented to this conclusion and the court effectively imposed it on her. She also argues that the trial court's decision is

unreasonable based on the fact that automobiles for minor children are not a fundamental right. The focus of Appellant's argument is that the record does not support the circuit court's conclusion that Appellant agreed to divide the cost of a vehicle for the children; that absent any support in the record for this finding, it is arbitrary; and, that the order on appeal containing the erroneous finding must be reversed.

Pursuant to KRS 403.180(5), *Cagata*, and *Owens-Corning Fiberglas Corporation*, *supra*, we will consider *de novo* the question of whether Appellant agreed to divide the cost of a vehicle for the children. Paragraph 6 of the agreed order states that "the parties shall equally divide the children's expenses[.]" This paragraph does not expressly address the children's vehicles. The question then becomes whether the parties contemplated a vehicle for the children as a children's expense as included in Paragraph 6. We must answer this question in the affirmative. Paragraph 10, quoted above, provides that the parties shall equally divide the cost of automobile insurance for the children. Since the parties contemplated automobile insurance for the children, and expressly addressed "[Son's] Lexus ES 350" in Paragraph 10, we believe the agreed order is properly interpreted to include a child's vehicle as a children's expense.

Appellant correctly notes that neither the Agreement nor the agreed order expressly addresses the purchase of a vehicle for the children nor the

associated maintenance costs. This is her strongest argument in favor of her contention that the circuit court improperly interpreted the agreed order as binding her to half the costs associated with the vehicle. However, since the children's vehicles were expressly addressed in Paragraph 10, and as Paragraph 6 is broadly worded to include an equal division of the children's expenses, we cannot conclude that the Madison Circuit Court erred in finding that Appellant agreed to a division of costs associated with a child's vehicle. Ultimately, Appellant's Agreement to "equally divide the children's expenses" resolves the matter in favor of Appellee on this issue. The Madison Circuit Court properly so concluded.

## CONCLUSION

For the foregoing reasons, we affirm the order of the Madison Circuit Court finding that Appellant agreed to divide the cost of a vehicle for the children.


ALL CONCUR.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
| --- | --- |
| James A. Baechtold<br>Richmond, Kentucky | Nanci M. House<br>Winchester, Kentucky |